F I L E D
CLERK OF COURT
2025 APR -4 AM 11: 48
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0106-24** |
| | GPD Report No. 24-06622 |
| v. | |
| **ANTONIO JOEL TAIJERON,** DOB: 09/07/2005 | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR DEFERRED PLEA** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on February 7, 2025 for hearing on Antonio Joel Taijeron's ("Defendant's") Motion for Deferred Plea ("Motion"). Assistant Attorney General Neil Bonavita represents the People, and Attorney Darleen Hiton represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

### BACKGROUND

The charges in this case stem from an alleged incident on March 19, 2024 between Defendant and his younger sister, J.T. (DOB: 02/22/2012) ("Victim"). Defendant is alleged to have repeatedly struck Victim in her face, hit Victim with a clothes hanger, and pinched Victim's arm. See Magistrate's Complaint (Mar. 21, 2024). These actions all allegedly happened at the Victim's mother's house, but occurred in different rooms/areas of the house. Id. Police officers noticed several injuries visible on Victim the following day, including facial swelling and bruises across her arm. Id. Defendant would ultimately be charged with Assault (as a Misdemeanor) (Four Counts), Child Abuse (as a Misdemeanor), and Family Violence (as a Misdemeanor). Id.

Decision and Order Granting Defendant's Motion for Deferred Plea
CM0106-24, *People of Guam v. Antonio Joel Taijeron*
Page 1 of 5

The following month, the People notified Defendant that they would not be offering a Family Violence Deferred Plea Agreement, despite Defendant's eligibility, because "this case involves multiple offenses committed by Defendant." See Notice Re: Defendant's Eligibility for Family Violence Deferred Plea Agreement (Apr. 1, 2024).

On November 20, 2024, Defendant filed his Motion for Deferred Plea. Defendant requests that the court enforce a Family Violence Deferred Plea because of circumstances surrounding the offense and recent life changes. See Motion at 3-4 (Nov. 20, 2024).

On December 2, 2024, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim the seriousness of Victim's injuries and the nature of the case both weigh against a Deferred Family Violence Plea. See Opposition at 1-3 (Dec. 2, 2024).

The Court held a hearing on February 7, 2025. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I.   Preliminary Law:

"Upon a proper motion, when a defendant voluntarily pleads guilty, prior to the commencement of trial, to a misdemeanor charge of family violence … the court may defer criminal proceedings". See 9 G.C.A. § 30.80. The court's ability to defer criminal proceedings is conditional on the defendant being "found eligible for a deferred guilty plea pursuant to § 30.80.1" and the defendant agreeing "to participate in education, counseling, and/or treatment program(s) as directed by the court." Id. Upon the defendant's completion of the treatment programs and compliance with the terms and conditions established in the deferred plea, "the court may discharge the defendant and dismiss the charge against the defendant". Id.

Deferred plea eligibility is detailed in 9 G.C.A. § 30.80.1 as follows:

> (a) The following persons are ineligible for the deferred guilty plea for family violence process:
>
> > (1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;
> >
> > (2) a defendant who has participated in a diversion or deferred plea program for family violence, or a similar offense in Guam or another locality;

Decision and Order Granting Defendant's Motion for Deferred Plea
CM0106-24, *People of Guam v. Antonio Joel Taijeron*
Page 2 of 5

(3) a defendant who has been sentenced for a violation of § 30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of § 16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of § 25.10, Chapter 25 of this Title, unless the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

(b) The fact that a defendant is not made ineligible by Subsection (a) of this § 30.80.1 does not automatically entitle a defendant to the deferred guilty plea for family violence.

(c) The prosecuting attorney shall determine whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (a) of this § 30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred plea, the prosecutor shall notify the defendant.

(d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by reason of Subsection (a) of this § 30.80.1, the prosecutor shall notify the defendant.

(e) Any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by noticed motion for an order granting a deferred plea. The prosecuting attorney may oppose this application.

See 9 G.C.A. § 30.80.1.

## II.    Application:

### a.    Defendant is eligible for the Family Violence Deferred Plea Agreement.

The Court must first determine Defendant's eligibility for the Family Violence Deferred Plea Agreement because the Court's ability to defer criminal proceedings is conditional on Defendant being "found eligible for a deferred guilty plea pursuant to § 30.80.1". See 9 G.C.A. § 30.80.

As previously mentioned, the People notified Defendant that he is eligible for the Family Violence Deferred Plea Agreement. See Notice Re: Defendant's Eligibility for Family Violence Deferred Plea Agreement (Apr. 1, 2024). Furthermore, Defendant does not fall into any of the four categories of people made ineligible for the Deferred Plea Agreement in 9 G.C.A. § 30.80.1(a).

Decision and Order Granting Defendant's Motion for Deferred Plea
CM0106-24, *People of Guam v. Antonio Joel Taijeron*
Page 3 of 5

Therefore, Defendant remains eligible for the Family Violence Deferred Plea Agreement and may apply to the Court for an order granting a deferred plea. See 9 G.C.A. § 30.80.1(e).

**b. The Defendant is entitled to a deferred plea pursuant to the factors under 9 G.C.A. § 30.80.2.**

Of course, Defendant's eligibility for the Deferred Plea Agreement does not guarantee him a deferred plea. See 9 G.C.A. § 30.80.1(b). Rather, the Court must now assess whether Defendant is entitled to a deferred plea under the specific circumstances of this case. In determining Defendant's eligibility for a deferred guilty plea, the Court "shall consider the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement." See 9 G.C.A. § 30.80.2.

**i. The nature and extent of the Victim's injuries are worrisome.**

As set forth in the Complaint, the nature and extent of the Victim's injuries are worrisome to the Court. Here, the Victim reported being repeatedly slapped in her face and struck across her arms with a clothes hanger. See Magistrate's Complaint (Mar. 21, 2024). The Victim's injuries corroborate her story, as Police Officers noticed swelling on her face, bruises, and multiple lines of redness across her arms the following day. Id. These injuries are accentuated by Victim's young age, as she was only 12 years old when these alleged crimes happened. Id. The extent of these injuries upon a minor victim, while not life-threatening, weigh against granting Defendant a deferred plea.

**ii. There are no prior incidents of family violence by the Defendant.**

Defendant is a first-time offender with no criminal record, including any prior family violence acts. In fact, there is no reported history of violence between Defendant and Victim outside of this specific case.

In their argument against a deferred plea, the People claim "this case involves multiple offenses committed by Defendant". See Notice Re: Defendant's Eligibility for Family Violence Deferred Plea Agreement (Apr. 1, 2024). However, this argument loses weight upon closer inspection because each charge in the Complaint arises out of the same set of facts and circumstances. Each

Decision and Order Granting Defendant's Motion for Deferred Plea
CM0106-24, *People of Guam v. Antonio Joel Taijeron*
Page 4 of 5

charge is alleged to have occurred on the same day and in a singular (albeit prolonged) altercation between Defendant and Victim. See Magistrate's Complaint (Mar. 21, 2024). This is not a case of Defendant having abused Victim over a long period of time, and it is disingenuous for the People to suggest such a history when all the alleged offenses occurred during a single afternoon. The fact remains that there is no reported history of violence committed by Defendant against anyone. Accordingly, this factor weighs in favor of granting Defendant a deferred plea.

**iii. There are no factors, which would adversely influence the Defendant's likelihood of successfully completing a deferred guilty plea agreement.**

The People failed to point to any factors which would adversely influence the Defendant's likelihood of completing a deferred plea agreement. In contrast, Defendant has put forth several factors suggesting his ability to complete the terms of a deferred plea. For example, Defendant has successfully complied with all terms of his pre-trial release since being released almost one year ago. See Order of Conditional Release (Mar. 22, 2024). Defendant has also made important positive strides in life, such as maintaining gainful employment. See Motion at 3 (Nov. 20, 2024). Defendant retains the financial ability to pay any fines or fees associated with a deferred plea thanks to his employment.

Since there are no factors adversely influencing the Defendant's likelihood of successfully completing a deferred plea agreement, this factor weighs in favor of granting Defendant a deferred plea.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion. Defendant is eligible and entitled to a deferred plea pursuant to 9 G.C.A. § 30.80.1.

The People are **ORDERED** to provide the Defendant a deferred plea consistent with the Court's decision herein within thirty (30) days of the issuance of this Decision & Order.

**IT IS SO ORDERED** this April 4, 2025



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion for Deferred Plea
CM0106-24, *People of Guam v. Antonio Joel Taijeron*
Page **5** of **5**